## Bloomsburg Mills, Inc., v. Sordoni Construction Co., Inc.

*Smith & Eves,* for plaintiff.

*J. W. Myers,* for defendants.

KREISHER, P. J., December 21, 1957.—On or about February 1, 1947, the above captioned plaintiff employed the above captioned partnership as architects, and the above captioned construction company as builders, to prepare written plans and specifications for the construction of a weaving mill building as an addition to plaintiff's mill property in Bloomsburg and for its construction, plans and specifications were prepared by said architects, submitted and subsequently approved by plaintiff who then employed said construction company to construct said building in accordance with said plans and specifications.

This building was completed by said contractor in November of 1947, and was immediately placed in service for its intended use by said plaintiff.

A part of the construction constituted the installation of a built-up roof over the weaving mill according to the aforementioned plans and specifications, which roof was to be guaranteed by written guaranty bond for a period of 20 years.

The above captioned plaintiff has now filed suit in trespass against said defendants, both as architects and builders, for damages resulting to plaintiff from failure of the roof and roofing materials to provide the necessary and required shelter for the 20-year period as specified by reason of the fact that the said plaintiff was required to entirely replace the said roof in 1956 for which plaintiff claims damages in an amount slightly exceeding $50,000.

The basis of plaintiff's suit is negligence on the part of the architect's specifications, and negligence on the part of the construction contractor in the performance of the contract.

This matter is presently before the court on defendants' preliminary objections to plaintiff's complaint specifying that the complaint is not sufficiently specific because it fails to attach a copy of the written agreement executed by plaintiff and the construction company whereby defendants agreed to construct the building, and because it fails to attach a copy of the written plans and specifications prepared by defendant architects, and because it fails to attach a copy of the written guaranty bond pertaining to the said proof.

This matter was placed upon the argument list and the court without hearing oral argument of counsel is called upon to decide the question by submission of written briefs of counsel.

It is the contention of plaintiff that the requested documents are not writings upon which any claim or defense is based, and consequently are not documents

which must be attached to the complaint under Pa. R. C. P. 1019(h), which reads as follows:

"(h) A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing."

In the written brief filed by counsel on behalf of plaintiff, it is stated:

"The plaintiff is willing to attach to the Complaint the agreement with Sordoni and the plans and specifications as prepared by the architects insofar as they relate to the roof and its installation. In any event, these documents or copies thereof are in the possession of the defendants, and they have full knowledge with respect to the same."

In 3 Standard Pa. Practice, 467 §193, it is stated, inter alia, as follows:

"Although the general rule relieving a plaintiff from anticipating defenses and from averring mere underlying evidential facts is applicable in negligence actions, the ultimate facts relied upon to show negligence must appear in unequivocal language, and these facts must be such that standing alone, if not controverted, they would entitle the plaintiff to a verdict in his favor. The plaintiff must set forth in his complaint with particularity, *except when they lie within the defendant's knowledge,* the material facts and circumstances on which the negligence is predicated or the specific acts or omission to act alleged to be negligence on which he relies to sustain his case. The complaint must contain a full disclosure of all the material facts and details of the respective claims, and it must give the defendant such clear and exact information of the

charges against him as will be sufficient to inform him what acts or omissions the plaintiff charges him with, so that he can produce evidence at the trial to explain or deny the allegation of the complaint."

In the case of Enlow v. First National Bank, 34 York 110, it is held that where the facts lie in the knowledge of defendant as much or more than in that of plaintiff, the same precision is not required.

Thus, in conformity with this reason, we are inclined to agree with plaintiff, knowing from common practice and usage that in building contracts, all parties to the contract are in possession of copies of the said contract and that in a contract of this nature the same would be of great bulk and cumbersome, that it would be an absurd requirement to require plaintiff to attach a copy of the specifications of the contract which defendants must surely have in their possession, and this is especially so since the gist of the action is based upon the principle of negligence rather than upon a breach of the contract.

Therefore, we conclude that the first two paragraphs of the preliminary objections requesting that a copy of the specifications and of the construction contract be attached to the complaint are without merit and the same are dismissed without further comment.

We next pass to the objection with respect to the guaranty bond in regard to the said 20-year roof.

Plaintiff presses its belief and opinion that the same is not a writing forming any part of the claim and is not an instument sued upon. The only mention thereof is in the eighth paragraph of the complaint, which reads as follows:

"8. Part of the work to be performed and performed by the Defendant, Sordoni Construction Company, Inc., was the installation of a built-up roof over said weaving mill, same to be constructed in accordance with the

plans and specifications as prepared by the Defendants, Lacy, Atherton, Wilson and Davis, and to be the subject of a guaranty bond for a period of twenty years."

Counsel for plaintiff in the written brief as filed states that:

"This is merely an allegation that the plans and specifications directed that the roof be such as to be the subject of a guaranty bond for twenty years. In other words, in common parlance of the trade, a twenty-year roof.

"This is not an action to recover on the bond, or, in fact, an action where the bond plays any part. The action is one to recover damages for the breach by the defendant or defendants of a duty or duties owing to the plaintiff."

Counsel for defendants, on the other hand, admitting that ordinarily in actions of trespass, the above quoted Pa. R. C. P. 1019($h$) applies to actions in assumpsit only and not to actions in trespass (Chesla v. Shoyer, 68 D. & C. 345), contends that in the present circumstances, the provisions of Pa. R. C. P. 1019($h$) applies to this action in trespass.

In support of this contention, counsel for defendant has cited the case of Toluba v. Hudson Coal Company, 88 D. & C. 46, which was an action in trespass involving a claim for personal injuries suffered by a tenant allegedly due to a defective porch on the leased premises, the court holding that a copy of the lease had to be attached to the complaint.

This conclusion seems to be a reasonable and logical conclusion because plaintiff's claim was based upon the lease. As it goes without saying, the tenant has superior rights against a landlord over that of a mere trespasser or invitee, but we are not inclined to agree with counsel for defendants that this case is analogous to the present case or authority for their contended proposition in the present case before the court.

The case of Cochran Coal Company v. Municipal Management Company, 38 Westmoreland 79, is likewise cited by counsel for defendants in support of their contention.

It is true that the court held in this case that rule 1019 (h) was applicable in actions of trespass, as well as assumpsit, and that on a suit respecting certain mining rights and privileges that copies of deeds or material parts thereof showing whereby plaintiff acquired title to the coal and mining rights should be attached to plaintiff's complaint on a suit for damages to his land. The facts are in no way similar or precedent for the present situation and in our opinion are not controlling.

Counsel for defendant then cite two cases which they contend involve similar writings to the case at bar. First, is the case of Daddona v. Kenter, 70 Montg. 121. In this case plaintiff sought to recover a sum of money for work and labor performed in the construction of defendant's dwelling house. Defendant filed preliminary objections because the written plans and specifications were not attached to plaintiff's complaint. The court applied rule 1019 (h) and sustained defendant's preliminary objections requiring the agreement and plans and specifications to be produced by plaintiff. The court added that if any of the instruments, which by their bulk were rendered impracticable to be attached to the complaint, the material substance of the writings should be included to satisfy rule 1019 (h).

A cursory glance at this case will at once reveal that it is a case in assumpsit instituted by the construction contractor upon the contract and naturally, under the same rule, the contract sued upon when in writing would of necessity have to be attached to the complaint. This was not a suit based upon negligence.

The second case cited by counsel for defendants which they contend involves similar writings to the case at bar is that of Kovach v. Balut, 40 Luz. 211. In this case plaintiff purchaser sued for the return of money paid for an allegedly defective fur coat which was guaranteed for two years. Plaintiff in her complaint did not set forth whether the guarantee was made orally or in writing. Defendant's preliminary objections under Pa. R. C. P. 1019 (h) were sustained by the court, and rightly so, because this again is a suit in assumpsit based upon a contract between the parties and naturally the terms of the contract are of great importance in the proper determination of the issue to be decided upon trial.

Likewise, counsel for defendants cite the case of Dungan v. Dungan, 71 Montg. 172. Here plaintiff brought an action in equity to enjoin defendant from conveying certain real estate under the terms of certain agreements executed in writing by the parties to the action. Plaintiff alleged that the agreements were induced by fraud and misrepresentation on the part of defendant. Defendants filed preliminary objections under Pa. R. C. P. 1019 (h) alleging that plaintiff failed to attach the agreements to the complaint. Plaintiff argued that since they were not relying on the agreements because they were fraudulent, therefore it was not necessary to attach the same under rule 1019 (h).

We again note that this was not an action based upon negligence, but rather an equity action, and an examination of the case reveals that the agreements entered into were the basis of the action and were necessary to dispose of the issues raised, and the court properly required that the same be attached to and made a part of the record.

558

Now, coming to the case at bar which is an action for negligence, we find it stated in 3 Standard Pa. Practice 465, §191, that the complaint must show a breach of duty imposed upon defendant and we quote as follows:

"To constitute actionable negligence, three essential elements—namely, (1) a duty or obligation which the defendant is under to protect the plaintiff from injury, (2) failure to discharge that duty, (3) an injury resulting from that failure—must exist; and these must be disclosed in the complaint."

On page 473, §197, of the same work in respect to a complaint of negligence in the performance of a contract, it is stated:

"The duty of exercising care to constitute the foundation of an action for negligence may exist by virtue of an express or implied provision of a contract.

"The requirement of the Rules that the complaint in actions on contracts must aver whether the contract was in writing does not, either expressly or by reasonable inference, oblige the plaintiff to set forth in his complaint whether a contract is oral or in writing when the action springs out of negligence or a breach of duty in the performance of a contractual obligation."

An examination of the complaint filed in this case sets forth that defendants, as architects, were hired to perform a certain duty, and that defendant construction company was hired to construct a building in accordance with said specifications, and that by reason of the faulty specifications and faulty construction, plaintiff has been damaged. The complaint sets forth the manner in which plaintiff is damaged and the amount.

Defendants have full knowledge of the plans and specifications, as well as the construction contract, and requiring plaintiff to attach these papers, which are

already in defendants' possession, would be an absurd requirement in our opinion.

It is the court's opinion that defendants are fully advised of the basis of plaintiff's suit and that they are in a position to fully answer and deny, if they so choose, any or all of the allegations set forth in the complaint. Under the Rules of Civil Procedure, this being an action in trespass, all that is necessary for defendant to do is to enter an appearance because a failure to file an answer admits very little, if anything, alleged in the complaint.

In regard to the guaranty bond, if this were a suit upon the bond, Pa. R. C. P. 1019 (*h*) would of necessity require that the same be attached to the complaint, but an examination of the complaint reveals that the bonding company and the contract between the bonding company and plaintiff or defendants is in no way involved in the present suit. We are able to conceive how sometime in the future there may be a question of subrogation arising with respect to the guaranty bond, but as between the present parties in the above captioned suit, we do not think that the guaranty bond is in issue or in any way the gravamen of the case.

We come to this conclusion after examination of the complaint, the Rules of Civil Procedure, the cases cited by counsel for the defendants, as well as the comments set forth in the two texts on practice and we, therefore, enter the following

## Order

And now, to wit, December 21, 1957, defendants' preliminary objections heretofore filed in the above captioned case are hereby dismissed and defendants are allowed 20 days from the date of this order to enter their appearances or, if they choose, file an answer to the complaint.